UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY LEE ASH,<br><br>    Petitioner,<br><br>v.<br><br>RANDY E. BLADES,<br><br>    Respondent. | Case No. 1:17-cv-00308-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Terry Lee Ash filed a Petition for Writ of Habeas Corpus challenging his state court conviction and sentence for driving under the influence, with a persistent violator enhancement. (Dkt. 3.) Now pending before the Court are several motions filed by the parties that are ripe for resolution. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 11.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is

**MEMORANDUM DECISION AND ORDER - 1**

unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## PRELIMINARY MOTIONS

### 1.  Motions re: Timing of Filings

Petitioner has filed a Motion to Clarify and Correct Due Date to Respond to Motion for Partial Summary Dismissal, as well as a Motion for Extension of Time to File Response. (Dkts. 24, 22.) Petitioner has since filed his Response at Docket 26. The Motions will be granted and the Response will be considered timely.

### 2.  Motion for Appointment of Counsel

Petitioner seeks appointment of counsel, because he was scheduled to have extensive surgery last fall, and he did not believe he could keep up with the litigation during recovery. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**MEMORANDUM DECISION AND ORDER - 2**

In the screening order, Court concluded that, based on the evidence currently in the record (Dkt. 2), it was unlikely that Petitioner would be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Presently, the Court will deny Petitioner's request for appointment of counsel. A review of the claims at issue shows that Respondent's defenses are straightforward and resolvable based upon the state court record. Neither discovery nor an evidentiary hearing is required for these preliminary issues. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has been granted an extension of time to accommodate his recovery period. As of today, he has completed the briefing of the motion at issue, and, therefore, no prejudice will result in denial of the request for appointment of counsel. Nevertheless, the Court will reconsider Petitioner's request for appointment of counsel at each phase of this litigation, without the need for Petitioner to file another motion.

## REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Respondent requests that the Court dismiss with prejudice the following claims contained in the Petition for Writ of Habeas Corpus for the following reasons: Claim 3(b) on procedural default grounds, and Claims 2(b) and 3(a) on non-cognizability grounds.

1. **Standard of Law Governing Procedural Default**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it

**MEMORANDUM DECISION AND ORDER - 4**

because of the state's procedural rules, the claim is procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A petitioner cannot proceed in federal court on his defaulted claims without a showing of "cause and prejudice" or a "miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id*. at 485-95.

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488. To show "prejudice," a petitioner must show "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as cause to excuse the procedural default of other claims. *Carrier*, 477 U.S. 488. However, an allegation of ineffective assistance of counsel will excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner (such as in a first post-conviction relief petition) to the state courts, ending with the Idaho Supreme Court.

2. **Discussion of Procedural Default of Claim 3(b)**

Claim 3(b) contains Petitioner's claim that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner did not bring this federal constitutional claim in the state court case. Rather, it first appears in his appellate briefing, and then is couched in terms of a state law claim. (*See* State's Lodging B-1.) In particular, Petitioner asserted that a unified sentence of fifteen years to life was an "abuse of discretion" and "excessive." (*Id*, p. 5.)

There are separate federal and state grounds for challenging a sentence. "Abuse of discretion" generally is classified as a state law claim because it relies on state law sentencing factors as a basis for overturning the sentence. For example, in Idaho, the claim may be that the sentencing court did not adequately consider "the factors of (1)

**MEMORANDUM DECISION AND ORDER - 6**

protection of society; (2) deterrence of the individual and the public in general; (3) the possibility of rehabilitation; or (4) punishment or retribution for wrongdoing." State's Lodging B-1, p. 6 (citing *State v. Wolfe*, 99 Idaho 382, 384 (Idaho 1978)). To that end, Petitioner argued on appeal that the sentencing court failed to properly consider "his age, community report, and willingness to address his addiction." (*Id.*, p. 10.)

The federal constitution is a completely different basis for relief from "abuse of discretion." Petitioner correctly admits in his appellate filings that his sentence did *not* exceed the statutory maximum sentence. If he had, that would be a proper ground for a constitutional challenge. (*Id.*, p. 6.) However, a generally stated "excessive sentence" claim—without citation to the Eighth Amendment and federal precedent interpreting the Eighth Amendment—is construed as a claim based solely on state law sentencing factors. The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. at 365-66.

Petitioner contends, however, that his direct appeal counsel was at fault for not challenging the sentence on federal grounds. Respondent correctly replies that for Petitioner to rely on ineffective assistance of direct appeal counsel as adequate cause for the procedural default of a claim, he must have exhausted that as a separate claim. He did not. Petitioner perhaps could attempt to show whether cause and prejudice exists for the default of his ineffective assistance of direct appeal counsel claim, but the most efficient way to resolve this issue is to address the Eighth Amendment claim on the merits.

**MEMORANDUM DECISION AND ORDER - 7**

To begin, the sentencing court concluded that Petitioner had a "long history of DUI offenses and [was] a danger to the community." (State Lodging B-4, p. 2.) The Idaho Court of Appeals ruled that Petitioner's sentence was not "plainly excessive under any reasonable view of the facts." (*Id*., pp. 3-4.) Against that backdrop, Petitioner's direct appeal counsel had good reason to choose the state law avenue, because a federal claim would have been unsuccessful. Petitioner's sentence was within statutory limits. When his claim was reviewed by the Idaho Supreme Court in 2014, existing precedent from the United States Supreme Court did *not* support Petitioner's argument of a constitutionally excessive sentence. Petitioner's claim would have failed there, as it fails here.

In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment even in a situation where a defendant with two prior felony convictions was convicted of obtaining only $120.75 by false pretenses. Later case law was in substantive accord. *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possession of more than 650 grams of cocaine, and rejecting a disproportionate sentence argument). The Court knows of no other federal precedent that supports Petitioner's claim.

Because Petitioner's sentence is not contrary to United States Supreme Court precedent governing cruel and unusual punishment, he is not entitled to relief on his Eighth Amendment cruel and unusual punishment claim under 28 U.S.C. § 2254.

**MEMORANDUM DECISION AND ORDER - 8**

### 3. Standard of Law re: Cognizability

Federal habeas corpus relief is a narrow remedy, granted only when a petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

### 4. Discussion of Cognizability of Claim 2(b)

Claim 2(b) is that "Idaho Code § 19-4901(b) 'must not be construed to preclude claims authorized by' Idaho Code § 19-4901(a)." (Dkt. 3, p. 7.) Petitioner raised this issue on post-conviction review because I.C. § 19-4901(b) generally requires that all claims that are known at the time of direct appeal and for which extra-record evidence is not needed must be raised on direct appeal.[1] Petitioner did not bring a Double Jeopardy Clause claim on direct appeal, and so he attempted to use this statutory interpretation argument to argue that it was proper to bring the claim on post-conviction review.

This claim fails the cognizability test for two reasons. First, Petitioner's statutory interpretation claim is not a substantive claim for relief. Rather, it is a gateway state post-

---

[1] I.C. § 19-4901(b) provides:
> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. Except as otherwise provided in this act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

**MEMORANDUM DECISION AND ORDER - 9**

conviction procedural issue that would have cleared the way for him to raise a substantive Double Jeopardy Clause claim in state court. Therefore, the claim is not cognizable.

Second, federal habeas corpus relief generally is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). It is well-established that habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

In any event, Plaintiff raises his substantive double jeopardy claim in Claims 1 and 2(a), which are *not* the subject of the Motion for Partial Summary Dismissal and which will proceed to the merits in the next phase of this action.

For the reasons discussed in this section, any of Petitioner's claims that the state court decision violated his Idaho constitutional rights are not cognizable. (*See* Petition, Dkt. 3, p. 6.)

5. **Discussion of Cognizability of Claim 3(a)**

In Claim 3(a) Petitioner contends his sentence "constituted an abuse of discretion." As discussed above, in the array of separate federal and state grounds for challenging a sentence, "abuse of discretion" is classified as a state law claim. Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law.

*Peltier v. Wright*, 15 F.3d at 861. This claim is therefore noncognizable on federal habeas review.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 15) is DENIED without prejudice.

2. Petitioner's Motion for Extension of Time (Dkt. 22) is GRANTED.

3. Petitioner's Motion for Clarification of Due Date (Dkt. 24) is GRANTED, to the extent that his Response is considered timely.

4. Respondent's Motion for Partial Summary Judgment (Dkt. 14) is GRANTED. Claims 2(b), 3(a) and 3(b) are DISMISSED with prejudice. Further, Claims or sub-claims that the state court decision violated the Idaho Constitution, such as the subclaim in Claim 1, are also DISMISSED with prejudice.

5. Respondent shall file an answer to the remaining claims (1 and 2(a)) within **90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within **30 days** after service of the answer. Respondent has the option of filing a sur-reply within **14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 8, 2019

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge